IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONEWEST BANK, FSB,<br><br>    Plaintiff,<br><br>  v.<br><br>BENJAMIN SANCHEZ, et al.,<br><br>    Defendants.<br>                                                / | No. C 10-00936 SI<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO REMAND, REMANDING ACTION TO CONTRA COSTA COUNTY SUPERIOR COURT, AND DENYING PLAINTIFF'S MOTION FOR FEES AND COSTS** |

    Plaintiff's unopposed motion to remand is currently set for hearing on August 13, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered plaintiff's papers, the Court GRANTS the motion to remand.

**BACKGROUND**

    Plaintiff OneWest Bank, FSB filed this unlawful detainer action in the Contra Costa County Superior Court in November 2009 after purchasing the home of defendants Benjamin and Elvia Sanchez at a non-judicial foreclosure sale in May 2009. Complaint ¶ 5. The summons and complaint were served on defendants on November 21, 2009, and defendants thereafter answered the complaint. *See* RJN Ex. 2, 3. On March 5, 2010, defendants filed a Notice of Removal in this Court.

    Now before the Court is plaintiff's unopposed motion to remand the action back to state court and for an award of attorneys' fees and costs under 28 U.S.C. § 1447(c).

**DISCUSSION**

**I.    Motion to Remand**

An action filed in state court may be removed to federal court only if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). The bases for federal subject-matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331 and diversity of citizenship jurisdiction under 28 U.S.C. § 1332. The removal statute is strictly construed against removal jurisdiction, and doubt is resolved in favor of remand. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *See* 28 U.S.C. § 1447(c).

Removal was clearly improper in this case. First, defendants cite federal question jurisdiction as the basis for removal. The sole cause of action stated in the complaint, however, is for unlawful detainer. This is not a federal cause of action. Defendants make passing reference to a number of federal statutes in their removal notice, including the Fair Debt Collection Practices Act, Real Estate Settlement Procedures Act, and Truth in Lending Act. These statutes, however, do not form the basis of plaintiff's complaint, and have no place in determining whether there is Court has jurisdiction over this matter. *Franchise Tax Bd. of the State of Cal. v. Constr. Lab. Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983) ("[A] defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law.") (original emphasis). Second, although defendants did not assert diversity jurisdiction as a ground for removal, the Court notes that removal would not be proper on that basis either, as defendants are citizens of California. 28 U.S.C. § 1441(b) (actions not arising under federal law are "removable only if none of the . . . defendants is a citizen of the State in which such action is brought"). Finally, a Notice of Removal must be filed within thirty days of service of the complaint. *Id.* § 1446(b). Defendants did not file their Notice of Removal until more than three months after they received service, and have provided no explanation for the untimely removal.

Accordingly, the motion to remand is GRANTED.

**II.   Attorneys' Fees and Costs**

Plaintiff also seeks an award of the attorneys' fees and costs incurred in bringing this motion to

2

remand. 28 U.S.C. § 1447(c) permits the Court to order payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In deciding whether to order payment of costs, the Court must assess whether removal was "wrong as a matter of law." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 n.6 (9th Cir. 2000). "[A]bsent unusual circumstances, [costs] should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005).

Here, it is plain that there was no proper basis for removal; this action involves a single state-law cause of action, and there is no diversity of citizenship. Nonetheless, defendants are proceeding pro se, and apparently believed that asserting federal statutes in defense of this action presented a basis for removal. In view of defendants' pro se status, the Court declines to order an award of the fees and costs associated with the removal. *See Boutrup v. Washburn*, No. 09-2678, 2009 WL 4573299, at *2 (E.D. Cal. Nov. 24, 2009) ("[W]hile having the status of pro se does not set up a dichotomy of rules vis-a-vis represented litigants, that pro se status warrants some consideration when reviewing a § 1447(c) request."); *HSBC Bank USA, N.A. v. Bryant*, No. 09-1659, 2009 WL 3787195, at *5 (S.D. Cal. Nov. 10, 2009) (a pro se defendant is "entitled to more leeway in his attempt to comply with the removal statute, as long as it was not objectively unreasonable").

Plaintiffs' request for attorneys' fees and costs is therefore DENIED.

## CONCLUSION

For the foregoing reasons, and for good cause shown, plaintiff's motion to remand is GRANTED. (Docket No. 6). This action is hereby REMANDED to the Contra Costa County Superior Court.

**IT IS SO ORDERED.**

Dated: August 5, 2010

SUSAN ILLSTON
United States District Judge

3